UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER N. MARSHALL, | ) | 3:25-CV-00998 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | November 6, 2025 |
| *Defendant*. | ) | |

## SCHEDULING ORDER

Upon consideration of the parties' Rule 26(f) Report (ECF No. 15), the following dates are hereby adopted as reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1. The parties' Rule 26(f) Report is hereby adopted unless otherwise stated.

- **Pleadings and Joinder.** Although the parties do not anticipate amendments to the pleadings, the Court sets the following deadlines in an abundance of caution. Any motion to amend the complaint or join parties must be filed by Plaintiff no later than **November 28, 2025**. Any motion to amend the answer or join parties must be filed by Defendant no later than **December 29, 2025**. Such motions shall be governed by Fed. R. Civ. P. 15. Any motion to amend the pleadings or join parties filed after these dates will be governed by the good cause standard of Fed. R. Civ. P. 16(b).

- **Damages Analysis.** Any party with a claim or counterclaim for damages shall serve a damages analysis on the other parties, in compliance with Rule 26(a)(1)(A)(iii), on or before **January 9, 2026**. Any party that is required to serve a damages analysis shall serve an <u>updated</u> damages analysis on the other parties 14 days after the close of discovery.

- **Discovery Deadlines.**

    - Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i), this action is exempt from the requirement to exchange initial disclosures.

    - By **December 9, 2025,** Defendant shall deliver to Plaintiff a copy of the Administrative Record it has relating to his claim.

    - By **February 6, 2026**, Plaintiff shall inform Defendant whether he has reason to believe the Administrative Record provided by Defendant does not constitute the complete Administrative Record to be considered by the

        Court, and whether he believes discovery outside the Administrative Record is necessary.

- If the parties are unable to resolve how to proceed on the need for discovery, Plaintiff shall file a motion pertaining to the requested discovery.

- All discovery will be completed (not propounded) by **May 13, 2026**.

- **Discovery Relating to Expert Witnesses.** The parties have represented that they do not intend to call any expert witnesses.

- **Motions to Compel.** Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed **within 30 days after the response was due** under the Federal Rules of Civil Procedure, that is, within 60 days of the service of the request. If the parties are negotiating in good faith in attempt to resolve the discovery dispute, a motion to extend this deadline may be filed. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel. Any motions relating to discovery must fully comply with the Local Rules, as well as the Federal Rules of Civil Procedure. The parties are directed to review Local Rule 37 before filing any discovery motion.

- **Dispositive Motions.** Any motion for summary judgment or for judgment on the pleadings must be filed no later than **July 13, 2026**. The parties shall file response and reply briefs within the time limits set forth in the Local Rules of Civil Procedure.

The Court encourages the parties to discuss settlement as soon as possible. Nearly all civil cases settle, and at some point in this case, the Court will refer the parties to a U.S. Magistrate Judge to explore the potential for settlement. The sooner the parties look seriously at the possibility for settlement, the less expensive the litigation will be for the parties. The Court understands that sometimes it is necessary to conduct some discovery before the parties can engage in productive mediation. If this is such a case, the Court encourages the parties to discuss exchanging limited discovery before engaging in a formal settlement conference. But the parties may begin settlement discussions at any time, on their own, through a private mediator, or with the assistance of a U.S. Magistrate Judge.

The parties are advised that the Magistrate Judges may not be able to conduct settlement

discussions on short notice. Accordingly, the parties should seek a referral for settlement discussions at the earliest possible date. To do so, any party may file a brief motion for a referral to a Magistrate Judge, representing that all parties have conferred and agree that such a referral would be appropriate.

Counsel shall provide each named party to this action with a copy of this Order.

IT IS SO ORDERED.

 /s/ Sarala V. Nagala
Sarala V. Nagala, U.S.D.J.

Dated:     Hartford, Connecticut
           November 6, 2025

3